# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ROBIN A. HUNT | CIVIL ACTION NO. 04-2562 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| LANGSTON DRILLING COMPANY and G & A DRILLING COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment filed by Defendants, LANGSTON DRILLING COMPANY and G & A DRILLING COMPANY (collectively "Langston"). [Doc. No. 11] Plaintiff ROBIN A. HUNT ("Hunt") has sued the Defendants pursuant to Title VII and Louisiana state law alleging that her employment was terminated based on her gender. Defendants' moved for summary judgment, arguing that Plaintiff was never actually terminated. Because the Court finds that genuine issues of material fact remain to be resolved by the finder of fact, the motion is **DENIED.**

## FACTUAL BACKGROUND

Hunt worked on an oil rig for Langston for a brief period in 2003. On her second day on the job, Hunt collapsed from the effects of heat and was taken to the hospital. Hunt alleges that when Wayne Alexander, the drilling superintendent, learned what had happened, he told Troy Davis, a co-worker who was also Hunt's ex-husband, that he was stupid for having a woman out there and that he needed to get rid of her. Hunt claims that Davis quit his job on the spot. Hunt and Davis' son, who also worked on the rig, believed that he was fired after Davis left.

Hunt learned of the alleged conversation between Alexander and Davis the next morning. She then went to the Langston office with paperwork and to inquire about taking

a drug test. The Langston secretary told her she looked ill and should go home and rest. The secretary claims that she told Hunt to call when she felt able to return to work. Hunt denies that the secretary said anything like that.

Hunt remained ill for a few days. A few weeks later she was recalled to work by a former employer who had temporarily laid her off. She never returned to work at Langston. She filed the instant suit, claiming that Langston fired her because of her gender.

## LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." Id., Little, 37 F.3d at 1076.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit

under the governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 248, 106 S. Ct. at 2510.

**B.      Plaintiff's Gender Discrimination Claims.**

In order to prove a prima facie claim of gender discrimination claims under both Title VII and Louisiana state law, Hunt will have to establish (1) that she is a member of a protected class; (2) that she was at all times qualified for the position at issue; (3) that the defendant made an adverse employment decision despite her qualifications. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 801-803 (1973). Langston argues that Hunt cannot make a prima facie claim because she did not suffer an adverse employment action. Specifically, Langston argues that Hunt's employment was not terminated, but rather, that she voluntarily chose not to return to work. Viewing the facts in a light most favorable to Hunt, the Court finds that there is a genuine issue of material fact as to whether Hunt's employment was terminated. This is a question for the finder of fact and is not appropriate for disposition via summary judgment.

## CONCLUSION

The Court finds that genuine issues of material fact remain as to whether Hunt's employment was terminated.

Therefore:

**IT IS ORDERED** that Defendants' motion for summary judgment [Doc. No. 11] be **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of March, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE